**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO DIAZ-SANCHEZ,<br><br>            Petitioner,<br><br>        v.<br><br>MICHAEL F. MARTEL and JEFFREY BEARD,<br><br>            Respondent. | Case No. 1:14-cv-01204-SMS  HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>Doc. 2 |

Petitioner Gilberto Diaz-Sanchez is a state prisoner proceeding *pro* se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed his petition with this Court on July 31, 2014.

**PROCEDURAL BACKGROUND**

On June 18, 2009, following trial in Fresno County (California) Superior Court, a jury convicted Petitioner of three counts of lesser-included offenses of second degree murder with the firearm enhancement, one count of attempted second degree murder with the firearm enhancement, and four counts of kidnapping.  The court sentenced Petitioner to an aggregate term of imprisonment totaling 45 years to life plus 47 years.

1

In the California courts, Petitioner pursued both a direct appeal and petitions for a writ of habeas corpus. The California Supreme Court denied his last petition for review on December 18, 2013. Petitioner filed a petition for writ of habeas corpus in this court on July 31, 2014.

In the course of preparing his federal court petition, Petitioner discovered that following his trial, his trial counsel had been diagnosed with a debilitating neurological condition and declared incompetent, calling into question counsel's mental competency at trial. Petitioner also seeks to add a claim of actual innocence. Accordingly, Petitioner moves for an order of stay and abeyance to permit him to exhaust these two unexhausted claims.

## DISCUSSION

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the

2

original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does. *King*, 564 F.3d at 1140. Since the Court concludes that Petitioner has demonstrated good cause in this case, it will analyze Petitioner's motion using the *Rhines* alternative.

*Rhines* does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, however, the *Rhines* court opined that a district court would abuse its discretion in denying a stay. 544 U.S. at 278.

Although Petitioner has consistently asserted claims of ineffective assistance of counsel in post-trial proceedings, he did not become aware of his trial counsel's diagnosed neurological disorder and incompetency until habeas counsel discovered trial counsel's involuntary suspension from the California State bar. Petitioner's trial counsel has been diagnosed with expressive aphasia that has been held to prevent him from providing "a fair accounting of events" in proceedings before the State Bar Court. Petitioner contends that trial counsel's health issues could account for certain apparently irrational errors in trail strategy and preparation. Petitioner adds that, in light of sufficient facts supporting his claim of actual innocence, but for his trial attorney's ineffective assistance in violation of his federal rights, he should have been granted habeas corpus relief.

///

Nothing in the record suggests that Petitioner has intentionally or maliciously failed to pursue this potentially meritorious claim. Accordingly, the Court finds good cause for the unexhausted claims and will grant stay and abeyance under *Rhines*.

CONCLUSION AND ORDER

The Court hereby ORDERS:

1. The Court GRANTS Petitioner's motion for stay and abeyance to permit exhaustion of sentencing claims pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (1995).

2. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court of the status of the state court proceedings.

3. Petitioner shall file an additional status report every ninety (90) days thereafter.

4. Within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claims, Petitioner shall file a motion to lift the stay and an amended habeas petition setting forth all exhausted claims. The Court shall then screen the petition pursuant to the Rules Governing Section 2254 Cases.

5. If Petitioner fails to comply with this Order, the Court will vacate the stay, *nunc pro tunc* to the date of this Order, and dismiss the petition without prejudice for failure to exhaust all claims but with leave to file an amended petition. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Such dismissal may render the petition untimely in light of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

IT IS SO ORDERED.

Dated:   **August 27, 2014**                    **/s/ Sandra M. Snyder**
                                                       UNITED STATES MAGISTRATE JUDGE