**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT DIAZ SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD and NEIL McDOWELL,<br><br>Respondents. | Case No. 1:14-cv-01204-DAD-SMS<br><br>ORDER DENYING PETITIONER'S MOTION TO CONDUCT DISCOVERY AND FILE AMENDED OPPOSITION, AND MOTION FOR SUPPLEMENTAL BRIEFING<br><br>(Docs. 33, 40) |

Petitioner is a state prisoner represented by counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his petition, filed on July 31, 2014, and amended on January 16, 2015, Petitioner alleges ineffective assistance of trial counsel in violation of his federal constitutional rights and error by the trial judge in failing to grant relief thereon. Docs. 1, 16. Respondents have filed a motion to dismiss the petition ("Motion to Dismiss") on the ground that it was filed after the one year statute of limitations under 28 U.S.C. § 2244(d). Doc. 24. Petitioner responded with an opposition ("Opposition"). Doc. 31.

Related to the motion to dismiss, Petitioner has filed two motions: (1) Motion for Permission to Conduct Discovery and for Permission to File an Amended Opposition, and (2) Motion to Permit Supplemental Briefing Regarding Respondents' Reply to the Opposition. Doc. 33, 40. For efficiency and economy, the Court issues this order addressing Petitioner's two motions before issuing its Findings and Recommendations ("F&R") addressing the Motion to Dismiss. In

1

doing so, the Court necessarily discusses the Motion to Dismiss, the Opposition, and Respondents' reply ("the Reply"), where applicable. A lengthy discussion of the background and procedural history of the case is set forth in the forthcoming F&R.

## I. DISCUSSION

A. *Motion for Permission to Conduct Discovery and for Permission to File an Amended Opposition*

In his motion, Petitioner requests discovery related to (1) the medical records of his former counsel, Glenn Kottcamp, and (2) the California State Bar proceedings of his trial counsel, H. Ronald Sawl. Petitioner cites to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Court as authority for his discovery request.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But Rule 6 provides, in relevant part:

> **Discovery**
>
> **(a) Leave of Court Required.** A judge may, for *good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .
>
> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request *must also include any proposed interrogatories and requests for admission, and must specify any requested documents*.

Rule 6, Rules Governing section 2254 Cases (emphasis added). Rule 6 thus "makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id.* at 909.

Petitioner's brief sets forth general requests for discovery and recites facts which support the requests. While he provides brief reasons for the discovery requests, Petitioner does not explain how the discovery is relevant to a determination of the petition's merits. Petitioner also does not explain his request with specificity. *Contra id.* at 902 (the petitioner "requested (1) the sealed

transcript of [the former judge's] trial; (2) reasonable access to the prosecution's materials in [the former judge's] case; (3) the opportunity to depose persons associated with [the former judge]; and (4) a chance to search [the former judge's] rulings for a pattern of pro-prosecution bias").

Moreover, the Court does not find good cause to authorize discovery for the following reasons:

1. Glenn Kottcamp's Medical Records

Petitioners asserts that discovery into the medical records of Kottcamp is needed to show that part of the time gap between the filing of his second and third state habeas petitions was "reasonable under the circumstances." Doc. 33. The request is therefore an attempt to gather information to buttress Petitioner's contention, as stated in his Opposition, that equitable tolling applies. But Kottcamp was not the only attorney representing Petitioner. Present counsel, Roger Nuttall, also represented Petitioner in all of his state habeas petitions. Lodged Docs.[1] P, 5, 7, 9, 11, 13. It was Nuttall who represented Petitioner at the state evidentiary hearing. Roger T. Nuttall Declaration;[2] Lodged Doc. F. Any argument that Kottcamp's medical condition caused the prolonged gap is therefore tenuous given Nuttall, who did not suffer from a precarious medical condition, had knowledge of the information concerning Petitioner's case and continues to represent him.

Adding further doubt to the contention that discovery of Kottcamp's medical condition is necessary is the fact that the allegations in the second and third state habeas petitions are largely similar, except for the addition of Gavino Luis Basurto's testimony offered at the evidentiary hearing. The petitions contain identical claims laid out in nearly identical fashion.

The Court is thus unconvinced that good causes exits to permit discovery of Kottcamp's

---

[1] Reference to "Lodged Docs." refer to documents lodged by the parties in relation to the Motion to Dismiss. Due to their voluminous nature, lodged documents are not available for viewing on the Case Management/Electronic Case Files system.

[2] Roger T. Nuttall's Declaration is attached to the Opposition to the Motion to Dismiss. Doc. 31.

3

medical records.

2. <u>Harry Sawl's State Bar Proceedings</u>

Petitioner seeks "discovery of the underlying cause for [the State Bar] initiating disciplinary action" against Sawl and "discovery of the . . . proceedings to date as they pertain to [his] deteriorating mental abilities." Doc. 33. This discovery request stems from Petitioner's contention in his Opposition that new evidence—namely Sawl's incompetence— warranted a later commencement date of AEDPA's one year statute of limitations. But the information which Petitioner seeks would not show that he is entitled to relief.

In his petition before this Court, Petitioner alleges ineffective assistance of counsel by Sawl. It is true that by an order filed on April 18, 2012, the California State Bar involuntarily placed Sawl on inactive status. Doc. 31, Ex. 3. But the Bar did not declare Sawl incompetent, only that he was unable to assist his counsel with a disciplinary proceeding, which began in 2008, due to a mental infirmity caused by his medical condition and physical difficulties. Doc. 31, Ex. 3. The Bar did not declare Sawl incompetent or unfit to engage in the practice of law.

The inquiry under an ineffective assistance of counsel (IAC) claim is whether "(1) . . . counsel's representation 'fell below an objective standard of reasonableness,' [*Strickland v. Washington,* 466 U.S. 668, 688 (1984)] and (2) that counsel's deficient performance *prejudiced* the defendant, *id.,* at 694." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (emphasis added). Even if discovery reveals the State Bar initiated proceedings due to concerns about Sawl's ability to engage in the practice of law, Petitioner would still have to show that Sawl's representation fell below an objective standard of reasonableness and that such representation prejudiced Petitioner. And this, the Court believes Petitioner cannot do based on the record.[3]

Petitioner alleges that Sawl erred in failing to call Basurto as a witness and in failing to

---

[3] While a more detailed analysis is provided in the F&R, the Court necessarily engages in a substantive discussion of the IAC claim for purposes of addressing Petitioner's discovery request.

4

impeach Cuahutemoc Valencia ("Valencia"), the lone surviving victim, with certain admissible evidence. He contends that had the jury heard Basurto's testimony, they would learn that it was Basurto who killed the three men and attempted to kill Valencia, and that Basurto falsely promised Petitioner not to kill the men. The testimony would contradict Valencia's and support Petitioner's position that he never intended to aid and abet Basurto in the killing. But the trial evidence was not comprised of Valencia's testimony alone.

At Petitioner's trial, the parties stipulated to Basurto being the shooter. Lodged Doc. E. The jury heard testimony from a number of officers, including Detective Joe Alvarado who testified about Petitioner's extensive and incriminating postarrest statements about the kidnappings and murders. They also heard Petitioner's testimony containing his version of the events, which conflicted with Valencia's and Detective Alvarado's. And from these testimonies, along with all the other evidence, the jury made their determinations, weighing the witnesses' credibility and drawing inferences from the information presented. *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2843 (2014) (noting "the exclusive province of the [jury] to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts").

The Court is thus unpersuaded that even if Petitioner could show that Sawl's representation fell below an objective standard of reasonable, that such representation prejudiced Petitioner, in light of the record. Failing this, the Court finds no good cause to authorize the discovery of Sawl's State Bar proceedings.

Because Petitioner has not met the requirements of Rule 6 to warrant a grant of discovery, the Court need not address Petitioner's request to amend his Opposition.

B. *Motion to Permit Supplemental Briefing Regarding Respondents' Reply to the Opposition to the Motion to Dismiss*

Petitioner seeks to file a supplemental brief responding to the Reply. He contends

Respondents raised arguments which they failed to do in the Motion to Dismiss. Petitioner wishes to address the allegedly new arguments in the Reply, namely the "arguments regarding (1) predicate facts, (2) timeliness issues and (3) Petitioner's burden to establish an actual innocence claim," and because he "has not had an opportunity to address [them.]" Doc. 40. In essence, Petitioner requests "another bite at the apple" in light of how Respondents addressed the Opposition.

First, contrary to Petitioner's assertions, Respondents' statements in the Reply addressed issues which Petitioner raised in his Opposition, and are therefore not new arguments raised for the first time in the Reply. Second, to the extent the parties have submitted the appropriate documents in support of their positions, the Court finds that supplemental briefing is not needed to assist with the decision-making process. Finally, the parties will have an opportunity to object to the Court's F&R such that Petitioner is not foreclosed from having further say in the matter.

## II.    CONCLUSION

Accordingly, the Court DENIES:

1. Petitioner's Motion for Permission to Conduct Discovery and for Permission to File an Amended Opposition; and
2. Motion to Permit Supplemental Briefing Regarding Respondents' Reply to the Opposition to the Motion to Dismiss.

IT IS SO ORDERED.

Dated:   **December 7, 2015**               **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE