UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO DIAZ-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD and<br>NEIL McDOWELL,<br><br>Respondents. | No. 1:14-cv-01204-DAD-SKO HC<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT GRANT PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**(Doc. 63)** |

Petitioner, Gilberto Diaz-Sanchez, is a state prisoner represented by counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 31, 2014, Petitioner filed his petition with this Court. (Doc. 1.) On December 7, 2015, the Court filed its Findings and Recommendation ("F&R"), recommending that Respondent's Motion to Dismiss be Granted and the petition be dismissed with prejudice for Petitioner's failure to comply with the one year limitations period of 28 U.S.C. § 2244 (d). (Doc. 43.) On September 7, 2017, after finding Petitioner's Objections to the F&R lacked merit, United States District Judge Dale A. Drozd adopted the F&R in full. (Doc. 54.) On October 5, 2017, Petitioner filed a Motion for Reconsideration, which remains pending. (Doc. 56.)

On January 8, 2018, Petitioner filed a Motion for Stay and Abeyance of unexhausted claims pursuant to a recent change in the California Rules of Professional Conduct 5-110. Although the time has passed, Respondent has not filed a response to the Motion for Stay and Abeyance.

I. **Procedural Background**

Petitioner was convicted of three counts of second degree murder, one count of attempted murder, and four counts of kidnapping. He was sentenced to an indeterminate prison term of forty five years to life, plus a determinate term of forty seven years.

Petitioner filed a direct appeal, and on June 25, 2012, the California Court of Appeal for the Fifth Appellate District affirmed the conviction. The California Supreme Court denied Petitioner's petition for review on September 19, 2012.

II. **Standards for Granting Order of Stay and Abeyance**

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as does the *Rhines* procedure. *King*, 564 F.3d at 1140. Since Petitioner specifically asks the Court to analyze the stay pursuant to *Rhines*; the Court will analyze Petitioner's motion using the *Rhines* alternative.

*Rhines* does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, however, the *Rhines* court opined that a district court would abuse its discretion in denying a stay. 544 U.S. at 278.

**III. <u>Petitioner Has Properly Articulated a Claim for a Stay and Abeyance</u>**

Petitioner sets forth three unexhausted claims for relief based on a recent change to the California Rules of Professional Conduct 5-110: (1) special duties of a prosecutor to disclose information about a witness which is relevant to evidence that calls into question trial counsel's mental competency; (2) duty to disclose State Bar decisions; and (3) duty to disclose impeachment evidence and not to introduce false evidence.

3

From the limited record, the Court cannot say that these disclosure claims are "plainly meritless." *See Id*. Further, nothing in the record suggests that Petitioner has intentionally or maliciously failed to pursue his potentially meritorious claim. *See Id*. Indeed, Petitioner could not have pursued these claims because the California Supreme Court adopted the new rule on November 2, 2017, after Petitioner filed his Motion for Reconsideration on October 5, 2017. Accordingly, the Court finds good cause for the unexhausted claim and will grant a stay and abeyance under *Rhines*.

## IV.     **Conclusion and Recommendations**

The Court hereby Recommends:

1.      Granting Petitioner's motion for stay and abeyance to permit exhaustion of the unexhausted claims pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (1995);

2.      Directing Petitioner to file a status report within thirty (30) days of the date of the Court's Order advising the Court of the status of the state court proceedings;

3.      Directing Petitioner to file an additional status report every ninety (90) days thereafter; and

4.      Within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claims, directing Petitioner to file a motion to lift the stay and an amended habeas petition setting forth all exhausted claims.

If Petitioner fails to comply, the Court will recommend vacating the stay, *nunc pro tunc* to the date of the Court's Order, and recommend dismissing the petition without prejudice for failure to exhaust all claims with leave to file an amended petition. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).

IT IS SO ORDERED.

4

Dated: **January 30, 2018**　　　　　　　　／s／ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE