UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO DIAZ-SANCHEZ, | No. 1:14-cv-01204-DAD-SKO |
| Petitioner, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION |
| JEFFREY BEARD, et al., | |
| Respondents. | (Doc. No. 56) |

On September 7, 2017, this court issued an order adopting findings and recommendations recommending that petitioner's application for federal habeas relief be dismissed as time-barred. (Doc. No. 54.) On October 5, 2017, petitioner moved for reconsideration of that order as well as of the court's denial of a certificate of appealability. (Doc. No. 56.) Therein, petitioner argued that the Ninth Circuit's holding in *Browning v. Baker*, 875 F.3d 444 (9th Cir. 2017), which issued after this court's September 7, 2017 order, merits reconsideration of this court's prior order. (Doc. No. 56 at 4–7.) According to petitioner, the factual predicate for his ineffective assistance of counsel claim did not arise at the time of his underlying trial, but instead arose following the California State Bar's declaration concerning his trial counsel's mental infirmity. Petitioner observes that the court must "consider[ ] counsel's conduct *as a whole* to determine whether it was constitutionally adequate." (*Id.* at 6) (quoting *Browning*, 875 F.3d at 471). The Ninth Circuit's decision in *Browning*, however, concerns the merits of a claim of ineffective assistance

1

of counsel, not when the factual predicate for such a claim became known for purposes of determining when the AEDPA statute of limitations began to run. 875 F.3d at 471–74. To be sure, counsel's mental state is relevant to his performance in representing his client in a criminal case, particularly in considering whether any given decision of counsel was the result of a reasonable strategic choice. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) (noting that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). However, the factual predicate for an ineffective assistance of counsel claim is based upon counsel's actual actions taken or failures to act in connection with the representation, not counsel's mental state at the time of the representation.[1] This is because the ineffective assistance standard is an objective one. *See Strickland*, 466 U.S. at 687–88 ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an *objective* standard of reasonableness.") (emphasis added); *West v. Ryan*, 608 F.3d 477, 485–86 (9th Cir. 2010) (same); *Downs v. Hoyt*, 232 F.3d 1031, 1038 (9th Cir. 2000) (same).

Additionally, petitioner argues that the court should reconsider its decision not to equitably toll the statute of limitations here, because respondent relied in part upon an affidavit from trial counsel during the state court habeas proceedings without first disclosing the then-ongoing bar proceedings regarding trial counsel's mental health. (Doc. No. 56 at 7–9.) Essentially, petitioner argues that respondent engaged in misconduct during the state habeas proceedings and the statute of limitations for the filing of his federal habeas petition should therefore be equitably tolled. Petitioner did not raise this issue as a ground for equitable tolling in his opposition to the motion to dismiss which the court granted. (*See* Doc. No. 31 at 13–21.)

---

[1] In this regard, while counsel's mental state at the time of representation may constitute evidence in support of an ineffective assistance of counsel claim, it is not the factual basis for that claim in this case where petitioner's allegation is that his attorney rendered inadequate representation by failing to call a witness at trial. *See* September 7, 2017 Order Adopting Findings and Recommendations (Doc. No. 54 at 2); *see also See Lopez v. Artus*, No. 03-Civ-7087 (RJH), 2005 WL 957341, at *7 (S.D.N.Y. Apr. 25, 2005) ("Although occasionally acknowledging that an attorney's mental impairment may compromise his trial representation in ways that are not readily apparent to the trial judge, courts have generally declined to adopt a per se rule for mentally impaired defense counsel.") (citing cases).

More importantly, the Supreme Court has held that the right to disclosure under *Brady* does not extend to post-conviction proceedings. *See District Attorney's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 68–69 (2009) ("A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man."); *see also Jones v. Ryan*, 733 F.3d 825, 837 (9th Cir. 2013) ("[T]he *Brady* right of pretrial disclosure available to defendants at trial does not extend to habeas corpus petitioners seeking post-conviction relief.").

Petitioner also maintains in his motion for reconsideration that the court failed to discuss the claim raised in Ground 6 of his first amended petition in which he asserted his actual innocence. (Doc. No. 56 at 9.) This argument lacks merit. The findings and recommendations discussed petitioner's actual innocence claim at length. (Doc. No. 43 at 17–20.) The undersigned adopted those findings (Doc. No. 54), and petitioner has presented no reason why the court's rejection of his actual innocence claims should be reconsidered.

The court will, however, reconsider its decision as to whether a certificate of appealability should be issued, in light of the Ninth Circuit's decision in *Browning*. The Ninth Circuit's statement in that decision that "counsel's conduct *as a whole*" must be considered to determine whether the representation provided was constitutionally adequate, *see Browning*, 875 F.3d at 471, could be taken as an alternative way of saying that a federal habeas court must take into consideration the totality of the circumstances in determining whether counsel's representation was constitutionally inadequate. The Ninth Circuit has previously suggested that this is an appropriate formulation of the standard. *See Eckert v. Tansy*, 936 F.2d 444, 447 (9th Cir. 1991) ("The correct standard applied to a counsel's performance is one of 'objective reasonableness,' considering the totality of the circumstances.") (quoting *Strickland*, 466 U.S. at 687–88); *see also Melton v. Neven*, 712 Fed. App'x 610, 613 (9th Cir. 2017)[2]; *Anh Bi Lee v. United States*, 632 Fed. App'x 752, 753–54 (9th Cir. 2010). Under a totality of the circumstances review, a non-frivolous argument could possibly be advanced that later-developed evidence of trial counsel's lack of mental competence during the proceeding was sufficiently extraordinary so as to warrant

---

[2] Citation to this and other unpublished cases is appropriate under Ninth Circuit Rule 36-3.

3

equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010) (noting that the AEDPA statute of limitations is non-jurisdictional, and therefore subject to a "rebuttable presumption in *favor* of equitable tolling") (internal citations omitted); *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (noting equitable tolling is warranted where petitioner is diligently pursuing his rights and "some extraordinary circumstance stood in his way"). Given this, jurists of reason could find it debatable whether this court was correct in ruling that petitioner's ineffective assistance of counsel claims are time-barred. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the court will grant a certificate of appealability on the issue of whether petitioner's ineffective assistance of counsel claims are time-barred.

For the reasons given above, petitioner's motion for reconsideration (Doc. No. 56) is granted as to his request for a certificate of appealability and denied in all other respects. A certificate of appealability is hereby issued with respect to the issue of whether petitioner's ineffective assistance of counsel claims are time-barred.

IT IS SO ORDERED.

Dated: **September 20, 2018**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE