UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO DIAZ-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD, *et al.*,<br><br>Respondents. | No. 1: 14-cv-01204-DAD-SKO<br><br><u>ORDER SETTING ASIDE PRIOR ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION AND REINSTATING STAY AND ABEYANCE</u><br><br>(Doc. No. 25) |

Petitioner Gilberto Diaz-Sanchez ("petitioner") is a state prisoner represented by counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 7, 2017, this court issued an order adopting findings and recommendations recommending that petitioner's application for federal habeas relief be dismissed as time-barred. (Doc. No. 54.) On October 5, 2017, petitioner moved for reconsideration of that order as well as of the court's denial of a certificate of appealability. (Doc. No. 56.) In moving to reconsider, petitioner argued that the Ninth Circuit's holding in *Browning v. Baker*, 875 F.3d 444 (9th Cir. 2017), which issued after this court's September 7, 2017 order, merits the granting of reconsideration. (*Id.* at 4–7.)

On January 18, 2018, before the court ruled on petitioner's motion for reconsideration, petitioner filed an application to stay and hold in abeyance all proceedings in this court to permit him to exhaust of a claim in state court based upon an alleged intervening change in law. (Doc. No. 63.) On January 31, 2018, the assigned magistrate judge issued findings and

1

recommendations, recommending that the court grant petitioner's motion for a stay and abeyance. (Doc. No. 64.) On May 15, 2018, the undersigned issued an order adopting those findings and recommendations. (Doc. No. 66.) Pursuant to that order, petitioner was directed to continue to file status reports with this court regarding the status of his exhaustion petition every ninety days thereafter. (*Id.* at 2.) Additionally, within thirty days after the California Supreme Court issues a final order resolving the unexhausted claims, petitioner was directed to file a motion in this court to lift the stay, as well as an amended habeas petition setting forth all exhausted claims. (*Id.*) At that point, the assigned magistrate judge would then screen the petition pursuant to the rules governing Section 2254 cases. (*Id.*)

On May 29, 2018, petitioner filed an application to modify the pending order to stay and abey, seeking permission to include any federal claims stemming from the Supreme Court's decision in *McCoy v. Louisiana*, 584 U.S. ___, ____ (2018) in his state court petition before submitting all the exhausted claims in an amended federal habeas corpus petition to this court for consideration. (Doc. No. 68.) The magistrate judge recommended granting petitioner's application for a modification of the pending stay. (Doc. No. 69.) The undersigned issued an order adopting those findings and recommendations. (Doc. No. 70.)

On August 27, 2018, petitioner submitted another application to modify the pending order to stay and abey (Doc. No. 72), along with a status report as required by the court's prior order (Doc. No. 71). The magistrate judge has not yet issued findings and recommendations regarding whether to grant petitioner's latest application to modify the order to stay and abey.

On September 20, 2018, the court issued an order granting in part and denying in part petitioner's motion for reconsideration. (Doc. No. 74.) The order also issued a certificate of appealability with respect to the issue of whether petitioner's ineffective assistance of counsel claims are time-barred. (*Id.* at 4.) On October 1, 2018, petitioner filed an application to set aside the undersigned's order, stating that it may have been improvidently or inadvertently granted in light of the court's previous orders granting a stay and abeyance in order to allow petitioner time to exhaust federal claims in the state court. (Doc. No. 75.)

/////

The court is somewhat skeptical that the claims being exhausted by petitioner in state court pursuant to the stay and abeyance orders will affect the resolution of his previously filed motion for reconsideration. Nonetheless, and out of an abundance of caution, the court will find that its September 20, 2018, order was improvidently issued in light of the stay and that order will therefore be vacated and set aside. However, petitioner's motion for reconsideration will be terminated, to be re-filed upon exhaustion of any additional claims in state court, if appropriate.

Accordingly,

1. Petitioner's application to set aside the order granting in part and denying in part petitioner's motion for reconsideration (Doc. No. 75) is granted;
2. Petitioner's motion for reconsideration (Doc. No. 56), shall remain terminated, subject to ref-filing following exhaustion of any new claims, if appropriate: and
3. The conditions of the stay and abeyance, as adopted in the court's prior order (*see* Doc. No. 70), shall remain in place at this time.

IT IS SO ORDERED.

Dated: **October 9, 2018**

_____
UNITED STATES DISTRICT JUDGE

3